IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ALEXANDER CAMPBELL, | * | |
| Petitioner, | * | |
| v. | * | Criminal Case: SAG-16-0051 |
| | | (Related Civil Action: SAG-21-3043) |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

\*\*\*

**MEMORANDUM OPINION**

Petitioner Alexander Campbell was convicted by a jury of several drug-related offenses. ECF 280. On March 1, 2018, United States District Judge Catherine C. Blake sentenced him to 188 months in prison. ECF 347. His convictions were affirmed by the Fourth Circuit on July 16, 2020. ECF 427. Now pending before this Court is his Motion to Vacate, Set Aside, or Correct Sentence, ECF 481. The Government filed a response, ECF 493, and no reply has been filed. No evidentiary hearing is necessary to resolve the issues raised. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated herein, Campbell's motion will be denied.

Campbell raises four issues, three of which assert ineffective assistance by his appellate counsel for failing to raise certain issues on appeal. Each of the three issues essentially amounts to a contention that evidence of multiple conspiracies was presented at his trial under the guise of a single conspiracy, leading to an overcalculation of the amount of narcotics reasonably foreseeable to him and to an excessive advisory guideline range. Campbell fails, however, to identify any meritorious issue, instead simply rearguing the evidence in the case. Those same arguments were made to the jury at Campbell's trial and again to Judge Blake at Campbell's sentencing. Both times, the "multiple conspiracies" theory was rejected in light of the

overwhelming evidence of Campbell's participation in a single conspiracy with his co-defendants.

"In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his 'counsel's representation fell below an objective standard of reasonableness' in light of the prevailing professional norms, *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,' *id.* at 694." *Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000). "In applying [the *Strickland*] test to claims of ineffective assistance of counsel on appeal, . . . reviewing courts must accord appellate counsel the 'presumption that he decided which issues were most likely to afford relief on appeal." *Id.* (quoting *Pruett v. Thompson*, 996 F.2d 1560, 1568 (4th Cir. 1993)). Appellate counsel "is not obligated to assert all nonfrivolous issues on appeal," because "'[w]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Bell*, 236 F.3d at 164 (internal citations omitted).

In light of the evidence presented at trial and the conclusions reached by the jury and the sentencing judge when presented with the multiple conspiracies argument, appellate counsel's decision to forego those arguments on appeal was not ineffective. Moreover, Campbell has not shown prejudice, as there is no reason to believe that the outcome of his appeal would have been different but for counsel's decision not to focus on the sufficiency of the single conspiracy evidence. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984). Thus, his ineffective assistance arguments are unpersuasive.

Campbell's final argument is that Government counsel committed a *Brady v. Maryland* violation by failing to disclose exculpatory evidence. ECF 481 at 16. Specifically, Campbell

alleges that he recently learned that Government counsel stated in a February 18, 2018 interview with a reporter that "Investigators now realized Gondo hadn't been funneling drugs to the Shropshire crew as they had additionally believe [sic]." *Id.* However, the government had made a near-identical statement at Campbell's sentencing two days prior: "Mr. Gondo was not actively selling drugs for this organization that had been attributed to Mr. Campbell, through the Government's calculation." ECF 411 at 14. Even if this Court were to assume, somehow, that the statement about Gondo's role had not been disclosed to Campbell's attorney in discovery, it is unclear how that statement could have exculpated Campbell. Campbell was not alleged to have obtained drugs directly from Gondo, so the fact that Gondo had not been funneling drugs to the organization would have no bearing on whether Campbell and his co-conspirators were trafficking drugs obtained from another source.

Campbell's motion to vacate, set aside, or correct his sentence will therefore be denied. Further, Campbell has shown no basis for this court to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right."); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (describing the "substantial showing" standard).

A separate order follows.

Dated: October 28, 2022

                                                   /s/
                                     Stephanie A. Gallagher
                                     United States District Judge